IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| ABRAHAM BARRALES MENDOZA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:26-cv-02097 (AJT-WEF) |
| | ) | |
| MARKWAYNE MULLIN, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## **ORDER**

Before the Court is Abraham Barrales Mendoza's ("Petitioner") Petition for Writ of Habeas

Corpus. [Doc. No. 1]; ("Petition"). By order dated July 15, 2026, the Court ordered the

Government to respond to the Petition within five days, [Doc. No. 2], and Respondents timely

submitted that the factual and legal issues presented in the Petition do not differ in any material

fashion from those presented in *Mangandid Barillas v. Trump,* No. 1:26-cv-00194-AJT-LRV,

Doc. No. 12 (E.D. Va. Mar. 25, 2026), or other opinions of this Court cited therein. [Doc. No. 4].

Petitioner is a citizen of Mexico, who is alleged to have entered the United States without

inspection numerous times. [Petition] ¶¶ 13-14. Petitioner in 2008 was removed from the United

States pursuant to the order of an Immigration Judge. *Id*. ¶ 14. In April 2025, U.S. Citizenship and

Immigration Services issued Petitioner a Bona Fide Determination Notice which granted him

deferred action status based his wife's pending U-visa petition which identified Petitioner as a

derivative beneficiary, and on his pending Form I-192 application for advance permission to enter

as a nonimmigrant. *Id*. ¶¶ 17-18. On or about June 23, 2026, Petitioner was arrested by immigration

officials and thereafter served with a Form I-871 Notice of Intent/Decision to Reinstate Prior Order

which reinstated his 2008 removal order pursuant to 8 U.S.C. § 1231(a)(5) and 8 C.F.R. § 241.8.

*Id*. ¶ 15. He was eventually taken to the Caroline Detention Facility, where he remains without

eligibility for a bond hearing before an Immigration Judge. *Id.* ¶¶ 20, 22.

In light of the foregoing, the Court determines, as it did in *Mangandid Barillas*, that Petitioner's arrest and detention without revocation of his deferred action status violated the *Accardi* doctrine and his fifth amendment right of procedural due process. *See Accardi v. Shaughnessy,* 347 U.S. 260 (1954). His continued detention is therefore unlawful, and the Court has jurisdiction under 28 U.S.C. § 2241 to order his release.

For all the above reasons, the Petition is **GRANTED**, and it is hereby

**ORDERED** that Respondents shall release Petitioner from detention immediately with all his personal possessions; and it is further

**ORDERED** that Respondents are **ENJOINED** from re-detaining Petitioner without first revoking his deferred action status, and without first complying in all respects with the applicable regulations concerning such revocation.

The Clerk is directed to send copies of this Order to all counsel of record, and to terminate the case.

Anthony J. Trenga
Senior U.S. District Judge

July 21, 2026
Alexandria, Virginia

2